## Mankus *v.* Boyd, Appellant.

*Contract—Sale—Sale of wholesale liquor business—Transfer of license —Default or disqualification of purchaser—Return of hand money.*

1. Where hand money is paid by a purchaser of a "wholesale liquor business license, good will lease and fixtures," and it is stipulated that such money is to be retained by the seller if a transfer of the license should be refused "due to some default upon the part of the purchaser," the seller cannot retain the hand money unless he shows not only that the transfer of license was refused, but also that it was refused by reason of some default on the part of the purchaser.

2. In such a case where there is an alleged oral agreement that the hand money should be returned if the transfer was disallowed by reason

of any personal disqualifications on the part of the purchaser to receive the transfer, the seller must show that the transfer was refused because the purchaser was in fact unfit and disqualified. A mere averment in an affidavit of defense, to the effect that a third person had remonstrated against granting the transfer, on the ground that the purchaser was personally unfit and disqualified, is insufficient.

Submitted Oct. 11, 1912. Appeal, No. 36, Oct. T., 1912, by defendant, from order of C. P. No. 2, Phila. Co., March Term, 1911, No. 1,488, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Sabis Mankus v. Joseph G. Boyd. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and PORTER, JJ. Affirmed.

Assumpsit to recover hand money amounting to $150 paid on the purchase of a wholesale liquor business, lease and fixtures.

The defendant filed an affidavit of defense in which he averred "that at the time the agreement was made, and executed by the parties, it was distinctly understood and agreed between them that the payment so as aforesaid made should be retained by the defendant as his liquidated damages for the nonperformance by the plaintiff of the terms of the agreement; that if for any reason occasioned by the default or neglect of the plaintiff, the transfer of the license referred to in the agreement should not be granted, then the said sum was to be retained by deponent as the liquidated damages sustained by him for the plaintiff's breach.

Reference to the said agreement shows the insertion in it of the following paragraph:

"It is further agreed that if the said transfer shall not be granted by the court or if the purchaser shall be unable to procure a lease and possession of the said premises, then this agreement shall be null and void and the said sum of one hundred and fifty dollars paid on account forthwith returned to the purchaser; provided, however, that if the failure to obtain a transfer of the said license by the court or of the assignment of the lease of the prem-

ises for a lease direct from the owner thereof to the purchaser shall be due to some default upon the part of the purchaser, then the seller shall be entitled to retain the said sum of one hundred and fifty dollars."

Deponent avers that he did in all respects comply with the provisions of the said agreement; made arrangements with the landlord of the premises for the delivery of a lease directly to the plaintiff under terms satisfactory to him; that deponent made the required application to the court for the transfer of the license, and the refusal of the court to transfer it was not occasioned by any default on the part of deponent or because the court was of the opinion that deponent was not entitled to have the prayer of his petition granted because of anything personal to him. While the reason for the refusal of the court to transfer the license to the plaintiff is not assigned of record, its refusal to do so was occasioned wholly and entirely by reason of the default of the plaintiff in possessing the qualifications which the court believed he should have in order to entitle him to the transfer. A remonstrance to the transfer of the license to the plaintiff was orally made by D. C. Gibboney, Esq., the allegation being that the plaintiff was personally unfit and disqualified from receiving a transfer and that the amount required to be paid by him to the deponent under the terms of the agreement were not the proper moneys of the plaintiff and that he was not acting on his own behalf in presenting the application, but on behalf of an undisclosed principal. Deponent avers his belief to be that the sole reasons moving the court for its refusal to transfer the license to the plaintiff were those assigned by the said D. C. Gibboney, Esq. No objection of any character was made to the transfer so far as the personality or character of the deponent to have it made was concerned.

Deponent further avers that the interpretation which the parties hereto made to the said agreement of sale at the time it was executed and the payment of the sum of $150 was made was that the words "due to some default

upon the part of the purchaser" should be construed to mean the failure on the part of the plaintiff to do all the things required to be done by him in securing the approval of the court and the transfer of the license, and to possess the qualifications which in the judgment of the court might be required of him in order to secure the said transfer. It was distinctly agreed between the parties at the time the said agreement was made that if the transfer was disallowed for or by reason of any personal disqualifications on the part of the plaintiff to receive the said transfer, that such personal disqualification should constitute such a default on his part as to entitle deponent to retain the said sum of $150 as his liquidated damages for the breach of the agreement. And it was upon the basis of this understanding and agreement between the parties that the agreement was signed.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Charles H. Edmunds,* for appellant.

*M. J. O'Callaghan,* for appellee.

PER CURIAM, November 18, 1912:

This case arose out of an agreement between the plaintiff and the defendant for the sale by the latter to the former of "a wholesale liquor business license, good-will, lease and fixtures." By the terms of the agreement, if the transfer of the license should not be granted by the court or if the plaintiff should be unable to procure a lease and possession of the premises, the agreement was to become null and void and the sum of $150, paid as part of the purchase money at the execution of the agreement, was to be forthwith returned to the plaintiff, but if the

failure to obtain a transfer of the license should be "due to some default upon the part of the purchaser," then the defendant should be entitled to retain the $150. The question involved in this appeal is whether the affidavit of defense sufficiently averred that the refusal of the court to transfer the license was due to some default upon the part of the plaintiff. It is conceded that the record of that proceeding does not disclose the reasons for the court's action. Presumably, they were legal reasons, but it does not necessarily follow that any default on the part of the plaintiff was one of them. To entitle the defendant to retain the down money, it was not sufficient that the transfer of the license was refused; it was incumbent on him to aver the facts from which it could be inferred with reasonable certainty that the plaintiff had omitted to do something which he was required by statute or the rules of court to do, and this is not averred in the affidavit. But it is asserted that there was an oral agreement between the parties to the effect that if the transfer was disallowed by reason of any personal disqualifications on the part of the plaintiff to receive the transfer, such personal disqualification should constitute such a default on his part as would entitle the defendant to retain the $150 as his liquidated damages, and that it was upon the basis of this understanding and oral agreement that the written agreement was made. We need not take up time in the discussion of the competency of evidence to establish such outside agreement and understanding as to what should constitute a default. It is enough to say that even if such evidence would be competent, the affidavit is still insufficient because it does not aver that the plaintiff was personally disqualified to receive the transfer. True, it is averred that a third person orally remonstrated against the granting of the transfer, alleging inter alia, that the plaintiff was personally unfit and disqualified to receive it, but this averment as to what was said at the hearing falls very far short of averring that the plaintiff was unfit and disqualified or that the court refused the

license because of such unfitness. In any view of the case no such default on the part of the plaintiff is alleged in the affidavit of defense as entitled the defendant to retain the money paid at the execution of the agreement.

Judgment affirmed.